UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:14-cv-00006-FDW
(3:06-cr-00096-FDW-DSC-1)

| | |
|---|---|
| WILLIAM ROOSEVELT CLOUD, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) |
| | ) **ORDER** |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Respondent. | ) |
| | ) |

**THIS MATTER** is before the Court on an initial review of Petitioner's motion to vacate, set aside or correct sentence which he filed pursuant to 28 U.S.C. § 2255.

Pursuant to Rule 4(b) of the Rules Governing Section 2255 Proceedings, sentencing courts are directed to promptly examine motions to vacate, along with "any attached exhibits and the record of prior proceedings" in order to determine whether a petitioner is entitled to any relief. After having considered the record in this matter, the Court finds that no response is necessary from the United States. Further, the Court finds that this matter can be resolved without an evidentiary hearing. See Raines v. United States, 423 F.2d 526, 529 (4th Cir. 1970).

Petitioner was convicted in this district on multiple counts related to a wide-ranging mortgage fraud conspiracy, in violation of 18 U.S.C. § 371, mail fraud, in violation of 18 U.S.C. § 1341, bank fraud, in violation of 18 U.S.C. § 1344, a money laundering conspiracy, in violation of 18 U.S.C.s § 1956(h), and money laundering, in violation of 18 U.S.C. § 1956(a)(1). On January 11, 2010, the Court entered judgment and sentenced Petitioner to a total term of 324-months' imprisonment and he appealed. (3:06-cr-00096-FDW, Doc. No. 240: Judgment in a

1

Criminal Case). On appeal, Petitioner raised several challenges including contentions regarding this Court's evidentiary rulings, the loss calculation, and an argument regarding the Court's order requiring him to reimburse the Government for his attorneys' fees. The Fourth Circuit rejected Petitioner's challenges to the evidentiary rulings and the loss calculation but reversed six of Petitioner's money laundering convictions and vacated the reimbursement award of attorneys' fees and remanded his case for resentencing. United States v. Cloud, 680 F. App'x 396 (4th Cir.), cert. denied, 133 S. Ct. 218 (Oct. 1, 2012).

On January 7, 2014, Petitioner filed the present § 2255 motion to vacate and he raises various challenges to his criminal judgment. The Court notes however that Petitioner's judgment is not yet final as he has not been resentenced. Accordingly, the Court will dismiss Petitioner's § 2255 motion without prejudice to his ability to refile a § 2255 motion after he has been resentenced and an amended judgment has been entered.

**IT IS, THEREFORE, ORDERED** that Petitioner's § 2255 motion is **DISMISSED** without prejudice. (Doc. No. 1).

**IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2255 Cases, this Court declines to issue a certificate of appealability as Petitioner has not made a substantial showing of a denial of a constitutional right. 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003) (stating that in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 474, 484 (2000) (holding that when relief is denied on procedural grounds, a petitioner must establish both that the correctness of the dispositive procedural ruling is debatable and that the petition states a

debatably valid claim of the denial of a constitutional right).

The Clerk of Court is respectfully directed to close this civil case.

**IT IS SO ORDERED.**

Signed: June 18, 2014

Frank D. Whitney
Chief United States District Judge